UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOROTHY NANNEY,

          Plaintiff,

    v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

Case No.  1:21-cv-00527-HBK

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1]

(Doc. Nos. 15, 17)

Dorothy Nanney ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1).  The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 15, 17-18).  For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and remands the matter to the Commissioner of Social Security for further administrative proceedings.

    ////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 10).

1

## I.     JURISDICTION

Plaintiff protectively filed for supplemental security income and disability insurance benefits on January 23, 2018, alleging a disability onset date of March 6, 2016 in both applications.  (AR 319-30).  Benefits were denied initially (AR 169-202, 240-46) and upon reconsideration (AR 205-35, 249-55).  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on March 26, 2020.  (AR 114-49).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 49-79) and the Appeals Council denied review (AR 10-15).  The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 61 years old at the time of the hearing.  (AR 119).  She testified that she graduated high school and was taking online college classes at the time of the hearing.  (AR 119-20).  She lives with her parents.  (AR 119).  She has a work history as a home attendant and telephone solicitor.  (AR 120-21, 144).  Plaintiff testified that she can no longer work at a call center because it is too stressful to have a quota, and she can no longer work at all because of chronic fatigue from valley fever and seizure disorder.  (AR 121, 124-25, 132).  She reported depression also causes fatigue, she has trouble interacting with people, and she would have trouble working eight-hour days because of stress.  (AR 133-34, 137-38).  Plaintiff takes rest breaks, on average, every hour and a half to two hours in a reclined position.  (AR 141-43).

## III.     STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a

1    conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence

2    equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

3    citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

4    consider the entire record as a whole rather than searching for supporting evidence in isolation.

5    *Id.*

6            In reviewing a denial of benefits, a district court may not substitute its judgment for that of

7    the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible

8    to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

9    2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is

10   harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate

11   nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's

12   decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556

13   U.S. 396, 409-10 (2009).

14                      **IV.     SEQUENTIAL EVALUATION PROCESS**

15           A claimant must satisfy two conditions to be considered "disabled" within the meaning of

16   the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful

17   activity by reason of any medically determinable physical or mental impairment which can be

18   expected to result in death or which has lasted or can be expected to last for a continuous period

19   of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the

20   claimant's impairment must be "of such severity that he is not only unable to do his previous

21   work[,] but cannot, considering his age, education, and work experience, engage in any other kind

22   of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A),

23   1382c(a)(3)(B).

24           The Commissioner has established a five-step sequential analysis to determine whether a

25   claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

26   At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§

27   404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity,"

28   the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b),

3

1  416.920(b).

2      If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

3  two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

4  C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or

5  combination of impairments which significantly limits [his or her] physical or mental ability to do

6  basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).

7  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner

8  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

9      At step three, the Commissioner compares the claimant's impairment to severe

10  impairments recognized by the Commissioner to be so severe as to preclude a person from

11  engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If

12  the impairment is as severe or more severe than one of the enumerated impairments, the

13  Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d),

14  416.920(d).

15      If the severity of the claimant's impairment does not meet or exceed the severity of the

16  enumerated impairments, the Commissioner must pause to assess the claimant's "residual

17  functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's

18  ability to perform physical and mental work activities on a sustained basis despite his or her

19  limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth

20  steps of the analysis.

21      At step four, the Commissioner considers whether, in view of the claimant's RFC, the

22  claimant is capable of performing work that he or she has performed in the past (past relevant

23  work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of

24  performing past relevant work, the Commissioner must find that the claimant is not disabled.  20

25  C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

26  analysis proceeds to step five.

27      At step five, the Commissioner considers whether, in view of the claimant's RFC, the

28  claimant is capable of performing other work in the national economy.  20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 6, 2016, the alleged onset date.  (AR 56).  At step two, the ALJ found that Plaintiff has the following severe impairments: asthma, history of coccidioidomycosis (valley fever); cardiac dysrhythmias/supraventricular tachycardia; and a persistent depressive disorder.  (AR 56).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  (AR 59).  The ALJ then found that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she must avoid concentrated exposure to fumes, odors, smoke, dust, gases; must avoid climbing ladders, ropes, and scaffolds; and must avoid unprotected heights and dangerous moving machinery.  The claimant can understand, remember, and carry out simple instructions and can maintain concentration, persistence and pace to those simple instructions for 2-hour intervals.  She can occasionally interact with coworkers and the general public; and can adapt to simple workplace changes.

(AR 62).  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  (AR 71).  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that

1    Plaintiff can perform, including: meat clerk, night cleaner, and laundry worker.  (AR 72-73).  On

2    that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the

3    Social Security Act, from March 6, 2016, through the date of the decision.  (AR 73).

## VI.    ISSUES

5       Plaintiff seeks judicial review of the Commissioner's final decision denying her

6    supplemental security income benefits under Title XVI of the Social Security Act and disability

7    insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the

8    following issue for this Court's review: whether the ALJ erred in failing to include limitations

9    assessed by Dr. Bonilla into the RFC despite finding her opinion persuasive, or provide

10    adequately supported reasons for rejecting those portions of the opinion.  (Doc. No. 15 at 4-8).

## VII.    DISCUSSION

12       For claims filed on or after March 27, 2017, new regulations apply that change the

13    framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules*

14    *Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

15    2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give

16    any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL

17    168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must

18    consider and evaluate the persuasiveness of all medical opinions or prior administrative medical

19    findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the

20    persuasiveness of medical opinions and prior administrative medical findings include

21    supportability, consistency, relationship with the claimant (including length of the treatment,

22    frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

23    an examination), specialization, and "other factors that tend to support or contradict a medical

24    opinion or prior administrative medical finding" (including, but not limited to, "evidence showing

25    a medical source has familiarity with the other evidence in the claim or an understanding of our

26    disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

27       Supportability and consistency are the most important factors, and therefore the ALJ is

28    required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).

1  Supportability and consistency are explained in the regulations:

2      (1) Supportability. The more relevant the objective medical evidence and
        supporting explanations presented by a medical source are to support his or
3      her medical opinion(s) or prior administrative medical finding(s), the more
        persuasive the medical opinions or prior administrative medical finding(s)
4      will be.

5      (2) Consistency. The more consistent a medical opinion(s) or prior
        administrative medical finding(s) is with the evidence from other medical
6      sources and nonmedical sources in the claim, the more persuasive the
        medical opinion(s) or prior administrative medical finding(s) will be.
7

8  20 C.F.R. § 404.1520c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other

9  factors were considered.  20 C.F.R. § 404.1520c(b)(2).  However, when two or more medical

10  opinions or prior administrative findings "about the same issue are both equally well-supported ...

11  and consistent with the record ... but are not exactly the same," the ALJ is required to explain how

12  "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20

13  C.F.R. § 404.1520c(b)(3).

14      The Ninth Circuit has additionally held that the new regulatory framework displaces the

15  longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and

16  convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32

17  F.4th 785 (9th Cir. 2022).  Nonetheless, in rejecting an examining or treating doctor's opinion as

18  unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial

19  evidence.  *Id*. at 792.  This means that the ALJ "must 'articulate ... how persuasive' [he or she]

20  finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or

21  she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing

22  20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

23      In March 2018, Pauline Bonilla, Psy.D. opined that Plaintiff had moderate limitations in

24  her ability to perform detailed and complex tasks, interact with co-workers and the public,

25  complete a normal workday/work week without interruptions from a psychiatric condition; and

26  deal with stress and changes encountered in the workplace.  (AR 684).  Dr. Bonilla also opined

27  that the likelihood of Plaintiff emotionally deteriorating in a work environment is moderate.  (*Id*.).

28  The ALJ found Dr. Bonilla's opinion persuasive because it is consistent with the medical

1    evidence as a whole showing relatively benign findings on exams, and her opinion was supported

2    by objective signs and findings.  (AR 70).

3          Plaintiff argues that despite finding Dr. Bonilla's opinion "persuasive," the ALJ erred in

4    assessing the RFC because she did not account for the opined moderate limitations in Plaintiff's

5    ability to complete a normal workday/work week and the likelihood of emotional deterioration in

6    the RFC, or provide the requisite reasons, supported by substantial evidence, for rejecting those

7    limitations.  (Doc. No. 15 at 6-8).  A claimant's RFC is "the most [the claimant] can still do

8    despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC

9    assessment is an administrative finding based on all relevant evidence in the record, not just

10   medical evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In determining the

11   RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and

12   supported by substantial evidence in the record.  (*Id.*) (RFC determination will be affirmed if

13   supported by substantial evidence).  However, an ALJ's RFC findings need only be consistent

14   with relevant assessed limitations and not identical to them.  *Turner v. Comm'r of Soc. Sec.*, 613

15   F.3d 1217, 1222-23 (9th Cir. 2010).

16         Initially, Defendant argues "Plaintiff's brief misunderstands that severe impairments that

17   cause moderate limitations, do not translate into a complete preclusion from performing tasks."

18   (Doc. No. 17 at 6 (citing *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007)).  However, as

19   recently held in Eastern District of California, that argument does not "resolve the inquiry"

20   because the "question is whether the ALJ, having accepted [the] opinion, appropriately translated

21   the moderate limitations from that opinion into concrete restrictions in the RFC."  *Harrell v.*

22   *Kijakazi*, 2021 WL 4429416, at *6-7 (E.D. Cal. Sept. 27, 2021).  Next, Defendant argues the ALJ

23   "accounted for these moderate limitations by limiting the type and complexity of the work

24   Plaintiff could do (simple instructions for two-hour intervals), and by noting that Plaintiff could

25   adapt to only simple workplace changes."  Doc. No. 17 at 8 (citing *Stubbs-Danielson v. Astrue*,

26   539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures

27   restrictions related to concentration, persistence, or pace where the assessment is consistent with

28   restrictions identified in medical testimony)); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807

8

1    F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical

2    findings into a succinct RFC").  Plaintiff argues in reply that "the Ninth Circuit and district courts

3    in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the

4    limitations relate to functional areas other than concentration, persistence, and pace, such as

5    social functioning and attendance."  Doc. No. 18 at 4 (citing *Panziera v. Berryhill*, 2018 WL

6    278623, at *20 (N.D. Cal. Jan. 3, 2018)).  After review of the most recent case law, the Court

7    agrees.

8               [U]npublished district course case law (which is not controlling, but
                is more factually on point) is split but tends to favor the view that a
9               restriction to simple/routine tasks with limited public contact does
                not account for the moderate limitations [the doctor] identified in
10              interacting with supervisors and peers, handling work related
                stressors, maintaining regular attendance, and completing a normal
11              workweek without interruption.  The district court case law in
                support of Defendant's position is sparser and more outdated.  The
12              weight of the more recent case law tends to refute the notion that a
                limitation to simple/routine tasks with limited public contact
13              adequately accounts for other limitations in social interaction,
                maintaining attendance, completing a normal workday without
14              interruptions from a psychiatric condition, and handling work related
                stressors.
15

16   *Harrell*, 2021 WL 4429416 at *6 (internal citations omitted); *see also Macias v. Saul*, 2021 WL

17   856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple

18   one- or two- step tasks does not account for attendance limitations); *Berenisia Madrigal v. Saul*,

19   2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6, 2020) (restriction to simple, routine tasks dos not

20   account for assessed limitations in ability to complete a normal workday or workweek without

21   interruptions from psychiatric condition and the ability to deal with stress or changes encountered

22   in the workplace); *Millsap v. Kijakazi*, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023)

23   (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate

24   mental limitations in opinion the ALJ found persuasive, including ability to complete a normal

25   workday or workweek); *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020)

26   (rejecting argument that limitation to work involving simple and repetitive tasks adequately

27   captured moderate limitations in maintaining regular attendance, completing a normal workday or

28   work week without interruption from psychiatric condition, and handling work-related stress); *but*

9

*see Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, and complete a normal workday/workweek without interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding RFC limitation to simple unskilled work adequately captured opined moderate limitations in completing a normal workday and work week).

Based on the foregoing, the Court finds the RFC limiting Plaintiff to understanding, remembering, and carrying out simple instructions, maintaining concentration, persistence, and pace for 2-hour intervals, occasionally interacting with coworkers and the general public, and adapting to simple workplace changes, does not account for Dr. Bonilla's findings of moderate limitations in Plaintiff's ability to complete a normal workday/work week and the likelihood of emotional deterioration.  The ALJ's failure to either provide reasons, supported by substantial evidence, to reject those limitations, particularly as to her ability to attend a workday/work week, or to properly incorporate those limitations into the assessed RFC, constitutes error.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC.  As a result, the ALJ erred in formulating the RFC.").  Further, on the record before the Court it cannot conclude that the error was harmless.  *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination").

On remand, the ALJ must reconsider Dr. Bonilla's opinion along with the relevant medical evidence, and, if necessary, reassess the RFC.

**B. Remedy**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.

1   1989).  An immediate award of benefits is appropriate where "no useful purpose would be served

2   by further administrative proceedings, or where the record has been thoroughly developed,"

3   *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1399 (9th Cir. 1988), or when the

4   delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273,

5   1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse

6   its discretion not to remand for benefits when all of these conditions are met).  This policy is

7   based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are

8   outstanding issues that must be resolved before a determination can be made, and it is not clear

9   from the record that the ALJ would be required to find a claimant disabled if all the evidence

10   were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96

11   (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

12        The Court finds that further administrative proceedings are appropriate.  *See Treichler v.

13   Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not

14   appropriate when further administrative proceedings would serve a useful purpose).  Here, the

15   ALJ improperly considered the medical opinion evidence, which calls into question whether the

16   assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by

17   substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential

18   factual issues have been resolved, a remand for an award of benefits is inappropriate."  *Treichler*,

19   775 F.3d at 1101.  On remand, the ALJ should reconsider the medical opinion evidence.  The ALJ

20   should order additional consultative examinations and, if appropriate, take additional testimony

21   from medical experts.  The ALJ should conduct a new sequential analysis, reassess Plaintiff's

22   RFC and, if necessary, take additional testimony from a vocational expert which includes all of

23   the limitations credited by the ALJ.

24        Accordingly, it is **ORDERED**:

25        1.  Plaintiff's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

26        2.  Defendant's Cross-Motion for Summary Judgment (Doc. No. 17) is DENIED.

27        3.  Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the

28            Commissioner's decision and REMANDS this case back to the Commissioner of

Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:    November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE